UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN PAUL WESTBERG,

    Petitioner,

Case No. 1:07-CV-82

v.

HON. ROBERT HOLMES BELL

CARMEN PALMER,

    Respondent.
    _____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## <u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

On December 29, 2009, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R") recommending that Petitioner Nathan Paul Westberg's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 21.) Petitioner, through counsel, filed objections to the R&R on January 11, 2010. (Dkt. No. 22.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's determination that the prosecutor's reference to Petitioner's post-*Miranda* silence did not violate Petitioner's Fourteenth Amendment right to due process. Petitioner does not object to the Magistrate Judge's legal analysis, but only to her weighing of the state's evidence of Petitioner's guilt. Upon de novo review the Court finds that the Magistrate Judge properly determined that the evidence of guilt was overwhelming and that the *Doyle* error did not have a substantial or injurious effect or influence on the jury verdict.

Petitioner also objects to the Magistrate Judge's determination that the prosecutor's reference to Petitioner's post-*Miranda* silence did not violate Petitioner's rights under the Fifth Amendment. Petitioner acknowledges that once a defendant takes the stand, he is "subject to cross-examination impeaching his credibility just like any other witness." *Jenkins v. Anderson*, 447 U.S. 231, 235-36 (1980) (quoting *Grunewald v. United States*, 353 U.S. 391, 420 (1957)). Petitioner nevertheless contends that by testifying at trial, he did not open the door to the prosecutor's use of his post-*Miranda* silence to rebut his claim of innocence. Although Petitioner argues that a distinction should be made between using his silence to rebut any inference that he did not have the opportunity to announce his alibi earlier, and using his silence to rebut the veracity of his alibi defense, Petitioner has not shown that the Michigan Court of Appeals' decision rejecting his Fifth Amendment claim was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). Upon de novo review, the Court the agrees with the Magistrate Judge that Petitioner's Fifth Amendment claim lacks merit. Accordingly,

2

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the December 29, 2009, R&R (Dkt. No. 21) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.


Dated: January 27, 2010               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE